IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC OTTO, | ) | CASE NO. 1:09 CV 2849 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN HOCKING | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Eric Otto for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Otto is currently incarcerated by the State of Ohio at the Hocking Correctional Facility in Nelsonville, Ohio, where he is serving a five-year sentence imposed by the Cuyahoga County Court of Common Pleas in 2007 for violating terms of his parole.[3]

---

[1] This matter was referred to me under Local Rule 72.2 by non-document order of January 21, 2010.

[2] ECF # 1.

[3] *Id*.

In lieu of a return of the writ, the State now moves to dismiss Otto's petition as time-barred by the applicable one-year statute of limitations.[4] Alternatively, the State seeks to dismiss the petition as procedurally defaulted.[5] Otto has filed a traverse.[6]

For the reasons that follow, I recommend that Otto's petition for habeas relief be dismissed as time-barred.

**Facts**

The facts relevant to the State's motion to dismiss the petition as untimely are brief and not disputed. The Ohio appeals court affirmed Otto's conviction for violating his parole on March 11, 2008.[7] Otto's conviction became final 45 days later, on April 25, 2008, when Otto failed to timely appeal that decision of the appeals court to the Supreme Court of Ohio.[8] Accordingly, the one-year limitations period for filing a federal habeas action began running on April 25, 2008, and continued to run until April 13, 2009, when Otto moved to file a

---

[4] ECF # 9.

[5] *Id.*

[6] Otto was informed of the requirement for timely response by non-document order of April 20, 2010, a copy of which was mailed to him.

[7] ECF # 9, Attachment (state record) at 78-81.

[8] *See*, ECF # 9 at 6 (citing Rule II, § 2(A)(1)(a) of the Rules of Practice of the Supreme Court of Ohio); *see also*, *Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005) (one-year habeas limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) that commences with the expiration of the time to seek direct review in state courts begins to run in Ohio when the 45-day period for seeking direct review in the Ohio Supreme Court prescribed in Ohio Sup. Ct. Practice Rule II § 2(A)(1)(a) is completed).

delayed appeal in the Ohio Supreme Court.[9] Filing that motion tolled operation of the federal habeas statute of limitations[10] until the Supreme Court of Ohio issued its ruling on June 3, 2009, denying Otto leave to appeal and dismissing his case.[11]

Thus, as of June 3, 2009, when the Supreme Court of Ohio dismissed Otto's delayed appeal, 356 days of the one-year federal limitations period had elapsed, leaving Otto only nine days within which to timely file a petition under 28 U.S.C. § 2254 for habeas relief. The present petition was actually filed on or about December 4, 2009[12] – or approximately seven months after the one-year limitations period in this case had expired.

As noted, the State now seeks to dismiss Otto's petition as untimely.[13] Otto, in his traverse, neither contests the chronology of events as established by the record nor offers any

---

[9] ECF # 9, Attachment at 82-88.

[10] *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).

[11] ECF # 9 at 93. As this Court stated in *Foster v. Bobby*, No. 07-cv-1303, 2010 WL 1524484, at *3 (N.D. Ohio April 15, 2010) (citing *Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007)), because a motion for a delayed appeal is an application for collateral review or postconviction relief, a habeas petitioner would not be entitled to tolling of the habeas limitations period for the 90-day period involved in filing for a writ of certiorari after denial of a motion for delayed appeal. Therefore, even if Otto had filed for such a writ following the denial of his motion for delayed appeal (and the record does not indicate that he did), seeking a writ of certiorari from the United States Supreme Court would not have extended the limitations period applicable to him.

[12] ECF # 1. This is the date the petition was originally docketed in the United States District Court for the Southern District of Ohio. Otto did not date his signature on the petition so there is no way of determining the precise day of filing; *i.e.*, the date it was submitted to prison authorities for filing. Rule 3(d), Rules for Governance of § 2254 Petitions; *See*, *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[13] ECF # 9.

specific arguments to counter the State's claim of untimeliness.[14] Accordingly, the State's motion is ready for resolution.

## Analysis

**1.     Standard of review – untimeliness/equitable tolling**

The AEDPA requires the filing of federal habeas petitions within one year of the latest of four triggering dates as set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(A) provides that the one-year limitations period shall begin to run from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review." The statute further provides at § 2244(d)(2) that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted against" the one-year period. But, as noted earlier, this tolling period for post-conviction petitions does not include the 90-day period during which the habeas petitioner could have sought a writ of certiorari following the denial by the state's highest court of the application for post-conviction relief.[15]

In addition to the statutory tolling detailed above, the United States Supreme Court in *Holland v. Florida* has recently recognized that the habeas limitations period may also be equitably tolled.[16] Nonetheless, it is unclear whether *Holland* now mandates the evaluation

---

[14] *See*, ECF # 11.

[15] *Lawrence*, 549 U.S. at 333-34.

[16] *Holland v. Florida*, No. 09-5327, 2010 WL 2346549 (U.S. June 14, 2010).

of situations of possible equitable tolling only under the two-part test stated in *Pace v. DiGuglielmo*[17] or whether, as has been the case in the Sixth Circuit,[18] that equitable tolling be adjudicated under the five-factor standard set forth in *Dunlap v. United States*.[19] In either case, the party seeking equitable tolling has the burden to persuade the court that he or she is entitled to such consideration.[20] Further, it is also clear that "the circumstances that will lead to equitable tolling are rare."[21]

Additionally, the Sixth Circuit teaches that the Constitution provides for innocence as a basis for equitable tolling of the habeas limitations period.[22] To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.[23] Actual innocence means

---

[17] *Pace v. Guglielmo*, 544 U.S. 408, 418 (2005). "The petitioner [seeking equitable tolling] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

[18] *See*, *Fitts v. Eberlin*, 626 F. Supp. 2d 724, 729 (N.D. Ohio 2009) (noting that the Sixth Circuit has continued to employ the *Dunlap* five-step analysis even after the Supreme Court's use of a two-element test in *Lawrence*).

[19] *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). The non-comprehensive list of factors are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing. This test in *Dunlap* was originally set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).

[20] *Pace*, 544 U.S. at 418; *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

[21] *Tyson v. Kelly*, No. 5:09-cv-1754, 2010 WL743735, at *7 (N.D. Ohio Feb. 25, 2010) (citations omitted).

[22] *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).

[23] *Id.* at 590 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

more than mere legal innocence and requires that petitioner support the claim of constitutional error with new reliable evidence not presented at trial.[24]

### 2.  Otto's petition should be dismissed as untimely.

As set forth above, the record demonstrates that Otto did not file his petition for federal habeas relief within the applicable one-year limitations period as calculated with any statutory tolling. Further, as also noted, Otto has not disputed this calculation nor has he asserted that he is entitled to any statutory tolling that would extend the limitations period to the time his petition was filed. Moreover, he does not directly advance either a direct claim to equitable tolling or a claim of actual innocence.

Even though Otto is a *pro se* litigant and, therefore, entitled to a more lenient review of his petition,[25] I recommend finding that such lenient treatment does not overcome his failure to meet the burden on a party seeking equitable tolling to persuade this Court of his entitlement to such consideration.[26]

Specifically, whether analyzed under the two-prong rubric of *Pace* or the five-part test of *Dunlap*,[27] Otto has not shown diligence in timely pursuing his federal habeas claim, regardless of any difficulty in timely filing his direct appeal to the Ohio Supreme Court. As

---

[24] *Id.* (citing *Schlup*, 513 U.S. at 324).

[25] *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

[26] *See*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

[27] As earlier noted, *Holland* has not required the use of the two-part *Lawrence* test nor overruled the Sixth Circuit's use of the five-element *Dunlap* standard.

...
...
...

noted by the Sixth Circuit in analogous circumstances in *Vroman v. Brigano*,[28] even crediting Otto's claim that he did not timely file for direct appeal due to his lawyer's inaction,[29] Otto's purported diligence in then pursuing a delayed appeal to the Ohio Supreme Court cannot substitute for lack of diligence in filing his federal habeas petition approximately seven months after the expiration of the one-year limitations period.[30] As is well-established, mere ignorance of the federal filing requirement will not suffice to warrant equitable tolling.[31]

## Conclusion

For the foregoing reasons, I recommend dismissing as untimely the petition of Eric Otto for habeas relief.

Dated: June 29, 2010                                   s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[32]

---

[28] *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).

[29] ECF # 11 at 2.

[30] *Vroman*, 346 F.3d at 605.

[31] *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004).

[32] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).